UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM KRUGER, <br> 9529 Glen Ridge Drive <br> Laurel, MD  20723 <br><br> Plaintiff, <br><br> v. <br><br> COGENT COMMUNICATIONS, INC., <br> 1015 31st Street, N.W. <br> Washington, D.C.  20007 <br><br> Defendant. | Civil Action No. |

COMPLAINT FOR EMPLOYMENT DISCRIMINATION

Introduction

1.     Plaintiff William Kruger brings this civil action to address unlawful treatment of him because of his race, national origin and religion.  During his ten year tenure with Defendant Cogent Communications, Inc., Mr. Kruger sought promotions but was not selected.  Mr. Kruger earned pay increases but did not receive them.  Mr. Kruger asserted his professional opinions but was criticized. During this period, there were numerous instances of harassing and hostile behavior toward him. After complaining about the failure to promote him and other disparate treatment, he was fired.  Because his termination caused Mr. Kruger harm, he seeks appropriate relief.

Jurisdiction and Venue

2.     This Court has jurisdiction over the claims alleged herein pursuant to 28 U.S.C. §§ 1331, 1332, 1343 and 1367.

1

3.      Proper venue is in this Court as essentially all of the relevant events alleged and the wrongful actions complained of herein have occurred within the jurisdictional boundaries of the District of Columbia.

Parties

4.      Mr. William Kruger, whose last name is of German national origin, was initially hired in October 2000 as Director of Service Delivery. His termination occurred in October 2010.

5.      Defendant Cogent Communications, Inc. is a company licensed to do business and is headquartered in the District of Columbia. Defendant has a core product offering of access to broadband internet.

Factual Statement

6.      Mr. Kruger developed a great depth of expertise in the area of broadband internet access and had very successfully worked in that area during his tenure with Defendant.

7.      Mr. Kruger was repeatedly praised for his knowledge and his performance during his ten (10) years with Defendant. The President and Chief Operating Officer pointed out Mr. Kruger's "exceptional performance for customers."

8.      The Vice President remarked about Mr. Kruger's "fantastic management skills" as to those he supervised and the operations of his unit. He also noted Plaintiff's "great initiative ." and that he is "definitely a self-starter". Further, his unit's work, as directed by Plaintiff, produced results which were "utterly amazing in our industry."

9.      Another Vice President noted Mr. Kruger's "great energy and enthusiasm for his job." The same vice President also noted that Mr. Kruger "has done a fantastic job in exceeding the overall goals " of his operational unit.

10.     Numerous other remarks of praise for his work efforts have been recorded by other high level managers, by Plaintiff's peers and co-workers and by a plethora of customers.

11.     Plaintiff's management skills and subject matter expertise lead to very practical results, as again noted by a company Vice President. The short time between receiving orders for internet access and the connection created by Plaintiff's group "has set the pace for our competitors and has become a competitive advantage for the sale team."

12.     All of the accolades and obvious benefits for Defendant, however, did not translate into any form of remuneration for Mr. Kruger.  Quite the contrary.  He received no merit bonuses and his salary increases over the ten year period of his tenure were pitiful.

13.     The failure to properly compensate Mr. Kruger  is especially apparent when his rate of salary increase and the number and size of bonuses given to him are compared to similarly situated co-workers.

14.     Negative differences in treatment also occurred to Mr. Kruger in his failure to be included in appropriate meetings and internal company conferences.  The exclusions were intended to limit Plaintiff's visibility in the company and otherwise disparage and demean him.

15.     The office area for Mr. Kruger was inappropriate for his position, again intended to demean him.

16.     Statistics relating to work by various company units were intentionally skewed to minimize Plaintiff's accomplishments and reduce his chances to advance his career.

17.     Reducing the visible signs of Mr. Kruger's skills, knowledge and abilities were the intentional results of  the efforts of David Schaeffer, Defendant's CEO and founder.

18.     Mr. Schaeffer made his disparaging treatment of Mr. Kruger obvious in other ways also. are the behaviors of Mr. David Schaeffer directly toward Mr. Kruger.  Mr. Schaeffer would greet others in the hall or at their desks with at least an appropriately cordial greeting. Mr. Schaeffer would be polite and most often friendly at meetings or other company events to all of the other

employees of the company, but he would consistently ignore Mr. Kruger and refused to engage in any type of normal work-place pleasantry.

19. There were persistent statements and references made to Plaintiff's German last name. In one work-place interaction in the office of Mr. Schaeffer, he referred to Mr. Kruger as a "Nazi".

20. Plaintiff Kruger was also consistently passed over for promotions, including for the position of Director of Provisioning and Carrier Services.

21. After being denied promotion to a position for which he had the best skill set of any candidate, Mr. Kruger expressed surprise and wonderment.

22. On October 13, 2010, Mr. Kruger was informed that his position was being eliminated and that he was being terminated from Defendant.

23. Mr. Kruger was further told that no comparable position existed at the company into which Mr. Kruger could be transferred. However, the day he was terminated, a vacancy announcement was posted for a Director position seeking a person with the same skills, knowledge and abilities as Mr. Kruger.

24. Plaintiff was not informed of the new, vacant Director position and was not selected for that position.

25. The termination of Mr. Kruger from Defendant has caused extreme financial harm. Further, it has caused severe emotional distress.

Administrative Processing:

26. Mr. Kruger timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission. That federal agency has issued a Right to Sue letter to Mr. Kruger and this action has followed.

Claims:

COUNT I National Origin Discrimination in Violation of Title VII of the
Civil Rights Act of 1964

Paragraphs 1 through 26 are incorporated herein by reference. The unlawful actions taken against Plaintiff, including failure to promote him, failure to properly compensate him and his termination from his position with Defendant, were committed because of Mr. Kruger's national origin, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

COUNT II Race Discrimination in Violation of Title VII of the
Civil Rights Act of 1964

Paragraphs 1 through 26 are incorporated herein by reference. The unlawful actions taken against Plaintiff, including failure to promote him, failure to properly compensate him and his termination from his position with Defendant, were committed because of Mr. Kruger's race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

COUNT III Religious Discrimination in Violation of Title VII of the
Civil Rights Act of 1964

Paragraphs 1 through 26 are incorporated herein by reference. The unlawful actions taken against Plaintiff, including failure to promote him, failure to properly compensate him and his termination from his position with Defendant, were committed because of Mr. Kruger's religion, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

COUNT IV National Origin Discrimination Creating an Unlawful Hostile
Environment in Violation of Title VII of the Civil Rights Act of
1964, as amended

Paragraphs 1 through 26 are incorporated herein by reference. The unlawful actions taken against Plaintiff, in creating a work place environment which is unreasonably hostile was created because of Mr. Kruger's national origin, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

      COUNT V      Race Discrimination Creating an Unlawful Hostile Environment in Violation of Title VII of the Civil Rights Act of 1964, as amended

Paragraphs 1 through 26 are incorporated herein by reference.  The unlawful actions taken against Plaintiff, in creating a work place environment which is unreasonably hostile was created because of Mr. Kruger's race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

      COUNT VI      Religious Discrimination Creating an Unlawful Hostile Environment in Violation of Title VII of the Civil Rights Act of 1964, as amended

Paragraphs 1 through 26 are incorporated herein by reference.  The unlawful actions taken against Plaintiff, in creating a work place environment which is unreasonably hostile was created because of Mr. Kruger's religion, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

<u>Relief Requested</u>

WHEREFORE, Plaintiff William Kruger respectfully requests that this Court:

1. Issue a declaratory judgment that the acts and practices of Defendant complained of herein have violated the civil rights and employment rights of Plaintiff William Kruger;

2. Order Defendant to reinstate Plaintiff Kruger and to promote him to the position of Senior Director in Provisions and Carrier Services

3. Order Defendant to reimburse Plaintiff Kruger for any and all lost wages and lost benefits caused by the termination of him from Defendant and by the failure to promote Mr. Kruger to a Senior Director position. Further, to reimburse Plaintiff for any additional costs he has incurred because of Defendant's wrongful termination of him;

4. Order Defendant to award Plaintiff compensatory damages in an amount of $300,000 for the emotional harm and the decrease in the enjoyment of his life he has suffered as a result of Defendant's unlawful actions in violation of his rights;

5. Order Defendant to pay reasonable attorneys' fees and litigation expenses incurred in this matter; and

6. Order such additional relief as the Court deems proper and just.

## Jury Demand

Plaintiff Kruger demands a trial by a jury of his peers for all claims contained herein.

Respectfully submitted,

_____
Gary T. Brown,
D.C. Bar # 246314
GARY T. BROWN & ASSOCIATES
888 Sixteenth St., N.W.
Suite 800
Washington, D.C. 20006
(202) 393-4900
GTBfirm@garytbrown.com
Attorney for Plaintiff William Kruger