UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                               )
WILLIAM KRUGER,                )
                               )
         Plaintiff,            )
                               )
    v.                         ) Civil Action No. 14-1744 (EGS)
                               )
COGENT COMMUNICATIONS, INC.,   )
                               )
         Defendant.            )
_____)
```

## MEMORANDUM OPINION

Pending before the Court is defendant Cogent Communications, Inc.'s motion to compel discovery from plaintiff William Kruger. Upon consideration of the motion, the response and reply thereto, the parties' supplemental filings, the applicable law, and the entire record, defendant's motion to compel discovery is **GRANTED IN PART** and **DENIED IN PART**.

## I.    Background

Mr. Kruger brings the underlying action here against defendant, his former employer, alleging that defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, by discriminating against him on the basis of national origin and religion and by creating a hostile work environment. Am. Compl., ECF No. 17 at 5-6. The instant motion concerns a narrow set of issues pertaining to Mr. Kruger's responses to interrogatories and requests for production of documents. The

somewhat convoluted sequence of events culminating in this narrow discovery dispute is as follows.

On June 13, 2016, defendant's counsel sent a set of interrogatories and a set of requests for production of documents to Mr. Kruger's counsel via first class mail. Def.'s Mem. Supp. of Mot. Compel Disc. ("Def.'s Mem. Supp."), ECF No. 23-1 at 2. Mr. Kruger's responses were thus due by July 18, 2016. *Id.* (citing Fed. R. Civ. P. 6(d), 33(b)(2), 34(b)(2)). Having not received any responses by that date, defendant's counsel sent Mr. Kruger's counsel an email inquiring as to when he could expect the responses. *Id.* Two days later, on July 20, Mr. Kruger's counsel's law clerk responded to defendant's counsel, informing him that no requests for discovery had ever been received. *Id.; see* Pl.'s Opp. to Def.'s Mot. Compel Disc. ("Pl.'s Opp."), ECF No. 24 at 1-2. The mix-up apparently derives from a change of addresses. Mr. Kruger's initial filings in this case state that his counsel's address is "888 Sixteenth St., N.W., Suite 800, Washington, D.C. 20006," *see, e.g.*, Compl., ECF No. 1 at 7, but later filings list the address as "1717 K Street, N.W., Suite 900, Washington, D.C. 20006." *See, e.g.*, Joint Local Civil Rule 16.3 Report, ECF No. 21 at 4. The discovery requests sent in the mail on June 13 were sent to the Sixteenth Street address. *See* Cover Letter from Ethan D. Balsam, ECF No. 23-2.

In any event, on July 20 defendant's counsel re-sent the
discovery requests to Mr. Kruger's counsel via email and pushed
the response deadline back to July 28. Def.'s Mem. Supp., ECF
No. 23-1 at 2; Pl.'s Opp., ECF No. 24 at 1-2. When the responses
were not received by July 28, counsel engaged in another round
of back-and-forth and defendant's counsel informed Mr. Kruger's
counsel that the responses would now be due by August 4 and that
if they were not received by that date a motion to compel
discovery would be filed the following day. Def.'s Mem. Supp.,
ECF No. 23-1 at 3. On August 4, defendant's counsel received
documents responsive to the requests for production of documents
but did not receive written responses to the document requests
and did not receive answers to the interrogatories. *See* Email
from Law Clerk, ECF No. 23-11 at 1. In response to another email
pushing the response deadline for the remainder of the materials
back to 5:00 p.m. on August 5, *see* Def.'s Mem. Supp., ECF No.
23-1 at 4, Mr. Kruger's counsel informed defendant's counsel via
letter that no requests for discovery were received until July
18. Letter of Gary T. Brown, ECF No. 23-15. Accordingly, Mr.
Kruger's counsel asserted, responses were due thirty days from
July 18, *see id.*, which he determined would be August 18 or
August 19. Pl.'s Opp., ECF No. 24 at 2, 5. Mr. Kruger's counsel
subsequently rejected defendant's counsel's offer to execute a

consent order setting August 19 as the date when responses would

be due. Def.'s Mem. Supp., ECF No. 23-1 at 5.

Cogent then filed the instant motion to compel on August

12. *See* Def.'s Mot. Compel Disc., ECF No. 23. On August 22, Mr.

Kruger's counsel served the written responses to the document

requests and the answers to the interrogatories on defendant's

counsel. *See* Def.'s Reply, ECF No. 26 at 3. On August 25,

defendant's counsel alerted Mr. Kruger's counsel via letter to

what defendant's counsel believes to be the few remaining

deficiencies with the responses. Letter of Ethan D. Balsam, ECF

No. 26-1. Having received no response to that letter,

defendant's reply brief indicates that it has withdrawn its

motion to compel in all respects save for what it views as the

remaining deficiencies identified in the August 25 letter to Mr.

Kruger's counsel. Def.'s Reply, ECF No. 26 at 2. Given the

greatly narrowed scope of defendant's motion and the newly-

identified deficiencies, the Court directed Mr. Kruger to file a

supplemental brief before ruling on the motion. *See* Minute Entry

of October 4, 2016.[1] What remains of the motion to compel is now

ripe and ready for the Court's adjudication.

---

[1] Despite being directed to respond to defendant's reply brief,
Mr. Kruger's counsel used his supplemental filing to respond not
to defendant's reply brief but rather to defendant's own
supplemental filing. *See* Pl.'s Resp., ECF No. 30. On September
21, defendant filed a supplemental reply quoting Mr. Kruger, in
his deposition, saying that he was apprised of the discovery

## II.  Analysis

Narrowed by the responses defendant received on August 22, defendant's motion to compel now only concerns alleged deficiencies with regard to the following discovery requests: document requests 12, 17, 23, 24, 26, 27, 28, and 29 and interrogatories 17, 18, and 19. *See generally* Def.'s Reply, ECF No. 26. Defendant argues that because Mr. Kruger's responses on August 22 were untimely whether July 18 or August 18 was the response deadline, any objections to the requests at issue are waived. *Id.* at 4-5. And it argues that even if Mr. Kruger did not waive his objections on grounds of untimeliness, his responses are deficient such that it is entitled to "full and complete responses to its Discovery Requests without objection." *Id.* at 5. Mr. Kruger's reply to these arguments is largely non-responsive, as it mostly reiterates Mr. Kruger's counsel's assertion that he sent Mr. Kruger the discovery requests for the first time in mid-July. Pl.'s Resp., ECF No. 30 at 1-2.

---

requests "[a]bout the June time frame." Def.'s Suppl. Reply, ECF No. 28 at 1. In his supplemental brief, Mr. Kruger's counsel asserts that Mr. Kruger, when asked when he was apprised of the discovery requests, first said, "I don't remember the date" and thus was only speculating when he eventually said "the June time frame." *See* Pl.'s Resp., ECF No. 30 at 2. Unfortunately, Mr. Kruger's counsel did not respond to any of the arguments put forth in defendant's initial reply brief pertaining to the alleged remaining deficiencies with the discovery responses.

A. **Interrogatories 17, 18, and 19**

Defendant's argument that Mr. Kruger has waived his opportunity to object to its discovery requests is apparently directed at Mr. Kruger's answers to interrogatories 17, 18, and 19, in addition to being directed at various of Mr. Kruger's responses to requests for document production. *See* Def.'s Reply, ECF No. 26 at 4-5. However, that argument is misguided in the context of Mr. Kruger's responses to interrogatories 17, 18, and 19, as Mr. Kruger did not state an objection to those interrogatories. Instead, Mr. Kruger answered those interrogatories——which sought identifications and descriptions of all actions that formed the basis for his national origin discrimination, religious discrimination, and hostile work environment claims——by stating the following: "Please see documents (Plaintiff's EEOC complaint) provided in response to your Request of Production No. 8." Pl.'s Answers to Def.'s First Set of Interrogs., ECF No. 26-3 at 12. Because no objections have been made in the answers to these interrogatories, there is no basis for the Court to conclude that objections have or have not been waived due to untimeliness.

Instead, the real issue with regard to these interrogatories is whether the answers are adequate. On this issue, defendant argues that Mr. Kruger's answers are inadequate because a party "may not refer generically to his document

6

production in responding to interrogatories, as [Mr. Kruger] has done, but must specifically identify which document he believes [is] responsive to each interrogatory." Def.'s Reply, ECF No. 26 at 10. The Court agrees with defendant's diagnosis of the applicable legal standard. *See* Fed. R. Civ. P. 33(d) ("If the answer to an interrogatory may be determined by examining . . . a party's business records . . . the responding party may answer by: (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could . . . ."); *see also DL v. District of Columbia*, 251 F.R.D. 38, 48 (D.D.C. 2008) (explaining that under Rule 33(d) parties "must identify in their answers to the interrogatories specifically which documents contain the answer."). But the Court disagrees with the contention that Mr. Kruger has not satisfied this standard. In his answers to interrogatories 17, 18, and 19, Mr. Kruger specifically identifies his "EEOC Complaint." Pl.'s Answers to Def.'s First Set of Interrogs., ECF No. 26-3 at 12. Thus, Mr. Kruger has directed defendant to the specific document which he believes is responsive to each interrogatory, in compliance with Rule 33(d)'s requirement. Thus the responses defendant received were adequate. Accordingly, defendant's motion to compel is **DENIED** with regard to interrogatories 17, 18, and 19.

### B. Timeliness of Mr. Kruger's Objections to Requests for Production 12, 17, 23, 24, 26, 27, 28, and 29

Defendant's untimeliness argument has more validity in the context of document requests 12, 17, 23, 24, 26, 27, 28, and 29. Rule 34——the Rule relevant to requests for document production—— states: "The party to whom the request is directed must respond in writing within 30 days after being served . . . ." Fed. R. Civ. P. 34(b)(2)(A). If a party objects to a request, the response must "state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). Although Rule 34——unlike Rule 33, the Rule relevant to interrogatories——does not have any express waiver language, courts have regularly concluded that "there is no reason to interpret the two rules differently." *Fonville v. District of Columbia*, 230 F.R.D. 38, 42 (D.D.C. 2005). Thus, "the failure to timely file an objection to a request for production of documents may be deemed a waiver." *Id.* A showing of "good cause," however, can excuse an untimely objection. *Byrd v. Reno*, No. 96-2375, 1998 WL 429676, at *6 (D.D.C. Feb. 12, 1998). And when an objection is based on a claim of privilege, courts are generally more reluctant to find waiver on the basis of untimeliness, as "waiver of privilege is a serious sanction most suitable for cases of unjustified delay, inexcusable conduct, and bad faith." *In re Papst Licensing GMBH & Co. KG Litig.*, 550

F. Supp. 2d 17, 22 (D.D.C. 2008) (quoting *United States v. British Am. Tobacco*, 387 F.3d 884, 891 (D.C. Cir. 2004)). Thus, in the context of a privilege objection, "minor procedural violations, good faith attempts at compliance, and other mitigating circumstances will militate against finding waiver." *Id.* (quotation marks and alteration omitted).

Here, Mr. Kruger has waived all of his non-privilege objections to document requests 12, 17, 23, 24, 26, 27, 28, and 29 on grounds of untimeliness. Mr. Kruger's responses were served on defendant's counsel on August 22, 35 days after the response deadline of July 18. *See* Pl.'s Responses to Def.'s Requests for Production of Docs., ECF No. 26-2 at 16. The degree of this tardiness is beyond the minimal tardiness that courts are sometimes willing to excuse. *See, e.g.*, *Burlington Ins. Co. v. Okie Dokie, Inc.*, 368 F. Supp. 2d 83, 86, 91 (D.D.C. 2005) (permitting objections when responses came 9 days after deadline); *Blumenthal v. Drudge*, 186 F.R.D. 236, 240 (D.D.C. 1999) (permitting objections when responses came either 5 or 9 days after deadline).

Despite the representations of Mr. Kruger's counsel that he was not actually made aware of the discovery requests until mid-July, *see* Pl.'s Resp., ECF No. 30 at 1, and his own determination that Mr. Kruger's responses were consequently not due until either August 18 or August 19, *see* Pl.'s Opp., ECF No.

24 at 2, 5, the Court agrees with defendant that the response
deadline was July 18. A discovery paper must be served on an
opposing party. Fed. R. Civ. P. 5(a)(1)(C). When that party is
represented by an attorney, service must be made on the
attorney. Fed. R. Civ. P. 5(b)(1). The discovery paper can be
served by "mailing it to the person's last known address——in
which event service is complete upon mailing." Fed. R. Civ. P.
5(b)(2)(C). And unless a change of an attorney's address is
filed with the Clerk of this Court within 14 days of the change,
the address of an attorney noted on the first filing "shall be
conclusively taken as the last known address" of the attorney.
LCvR 5.1(c)(1). Here, defendant's counsel sent its discovery
requests to Mr. Kruger's counsel via first class mail on June
13. *See* Cover Letter from Ethan D. Balsam, ECF No. 23-2. And Mr.
Kruger's counsel concedes that he did not timely file the notice
of change of address with the Clerk of the Court as required by
Local Rule 5.1(c)(1), as nowhere in his response brief does he
challenge defendant's accusation that he failed to timely file
the notice of change of address. *See* Def.'s Reply, ECF No. 26 at
3 n.2 ("[I]t appears Plaintiff's counsel relocated his office .
. . but failed to file the requisite Notice of Change of Address
with the Court."); *see generally* Pl.'s Resp., ECF No. 30.
Accordingly, the "last known address" for Rule 5(b)(2)(C)
purposes can conclusively be taken as that which appeared on Mr.

Kruger's counsel's first filing: 888 Sixteenth St., N.W., Suite 800, Washington, D.C. 20006. *See* Compl., ECF No. 1 at 7. Thus service was complete upon the mailing of the discovery requests to that address on June 13. *See* Fed. R. Civ. P. 5(b)(2)(C). Mr. Kruger's responses were thus due on July 18. *See* Fed. R. Civ. P. 33(b)(2) (30 days to serve answers after being served with interrogatories), 34(b)(2)(A) (30 days to serve written responses after being served with document requests), 6(d) (3 additional days to respond when service is completed by mail), 6(a)(1)(C) (if the deadline falls on a Saturday, the period runs to the next day that is not a Saturday, Sunday, or legal holiday). Objections lodged 35 days late, on August 22, are consequently waived as untimely.

Mr. Kruger's counsel has failed to demonstrate good cause that might excuse the untimely responses and objections. The Court does not question that he was not actually aware of the discovery requests until mid-July, *see* Pl.'s Resp., ECF No. 30 at 1, and he rightly suggests that defendant was not likely irreparably prejudiced by some delay in its receipt of the responses, *see id.* at 1-2, which is a factor that courts sometimes consider when making a good cause determination. *See Caudle v. District of Columbia*, 263 F.R.D. 29, 34 (D.D.C. 2009). Even so, the fact that he failed to comply with his own self-imposed deadlines of August 18 or August 19, *see* Pl.'s Opp., ECF

No. 24 at 2, 5, undermines any argument that there is good cause to excuse the untimeliness. Accordingly, the non-privilege objections made with regard to document requests 12, 17, 23, 24, 26, 27, 28, and 29 are waived.[2] Consequently, the motion to compel with regard to requests 12, 17, 26, 27, 28, and 29—which

---

[2] In any event, even if the objections made to these requests were not waived on untimeliness grounds, they still are inadequate. The unadorned objections made to requests 23, 24, 26, 27, 28, and 29 that the requests are unduly burdensome and overly broad are "insufficient" because a party opposing discovery must show specifically how an interrogatory or document request is overly broad or burdensome "by submitting affidavits or offering evidence which reveals the nature of the burden." *See Athridge v. Aetna Cas. and Sur. Co.*, 184 F.R.D. 181, 191 (D.D.C. 1998) (quotation marks omitted). Similarly, the unadorned objection made to request 28 that the request is "not reasonably calculated to lead to the discovery of an admissible evidence" is "insufficient." *See id.* at 190-91. The objection made to requests 23 and 24 that the requests are "premature" makes little sense given that it is not premature to seek discovery relevant to an opposing party's allegations during the time designated by the Court for discovery. The objection made to request 26 that the request calls for "production of documents in the possession of Defendant" is inadequate because "a responding party is required to produce documents in its possession, custody, or control regardless of whether the requesting party is already in possession of the requested documents." *Puerto Rico Med. Emergency Grp., Inc. v. Iglesia Episcopal Puertorriqueña, Inc.*, No. 14-1616, 2016 WL 4004576, at *4 (D.P.R. July 26, 2016) (collecting cases). And, finally, Mr. Kruger's failure to object to the portions of requests 12 and 17 asking that he sign forms authorizing the release of medical and employment records constitutes waiver of any possible objection that Rule 34 is not the proper vehicle by which a party may be compelled to sign a release form. *See Clewis v. Medco Health Sols., Inc.*, No. 12-5208, 2013 WL 5354574, at *2 (N.D. Tex. Sept. 25, 2013). In any event, even if Mr. Kruger had made such an objection, courts in this Circuit have found that Rule 34 is the proper vehicle by which to compel the signing of release forms. *See, e.g.*, *Doe v. District of Columbia*, 231 F.R.D. 27, 35 (D.D.C. 2005).

are not countered with privilege objections——is **GRANTED**. Thus, with regard to requests 12 and 17, Mr. Kruger is ordered to complete the forms authorizing the release of his employment and medical records, and with regard to requests 26, 27, 28, and 29, Mr. Kruger is ordered to provide a full and complete response to each without objection.

Requests 23 and 24, however, are met with privilege objections——attorney-client privilege and work product doctrine ——in addition to the non-privilege objections waived on untimeliness grounds. As indicated *supra*, courts are more reluctant to find privilege objections waived on untimeliness grounds. *See Papst*, 550 F. Supp. 2d at 22. Even so, the Court concludes that Mr. Kruger's counsel in this discovery squabble created the sort of "unjustified delay" and engaged in the sort of "inexcusable conduct" that warrants waiver of privilege objections on untimeliness grounds. *See id.* That the responses and objections were late with regard to the actual July 18 deadline and then late again with regard to Mr. Kruger's counsel's own self-imposed deadlines of August 18 or August 19, *see* Pl.'s Opp., ECF No. 24 at 2, 5, standing alone may have been enough to waive non-privilege objections but not enough to waive privilege objections. But when the responses were actually served after Mr. Kruger's counsel's own self-imposed deadlines, attorney-client privilege and work product doctrine objections

were asserted but a privilege log was not provided, *see generally* Pl.'s Responses to Def.'s Requests for Production of Docs., ECF No. 26-2, in violation of Rule 26. *See* Fed. R. Civ. P. 26(b)(5)(A) ("When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: . . . (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that . . . will enable other parties to assess the claim."). The Court is mindful that failure to provide a privilege log when objections are otherwise timely lodged may not alone be sufficient to waive privilege objections. *See United States v. Philip Morris Inc.*, 347 F.3d 951, 954 (D.C. Cir. 2003). But here we have the noxious combination of untimeliness *and* failure to provide a privilege log. Such a combination, in the Court's estimation, is the sort of inexcusable conduct that warrants the sanction of privilege waiver. *See Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co.*, 238 F.R.D. 536, 538 (D. Conn. 2006) ("[I]n light of the untimeliness of plaintiff's objections and the fact that the tardy response did not include a privilege log the court finds that all of plaintiff's objections are waived."). Accordingly, the motion to compel with regard to requests 23 and 24 is

**GRANTED**. Mr. Kruger is ordered to provide a full and complete response to each without objection.[3]

### C.   Reasonable Expenses and Attorney's Fees

Each side in this dispute seeks reasonable expenses and attorney's fees from the other. Mr. Kruger and his counsel argue that they are entitled to expenses and fees on the ground that defendant's motion to compel constituted an "unnecessary filing" because they had until either August 18 or August 19 to serve their responses on defendant's counsel and because defendant's counsel did not engage in a good faith effort to resolve this dispute without the Court's intervention. Pl.'s Opp., ECF No. 24 at 4-6. But because Mr. Kruger's counsel identifies two separate response deadlines in the same brief, *see id.* at 2 (August 18), 5 (August 19), neither of which was the actual deadline, *see supra* Part II.B, and then failed to meet either of his self-imposed deadlines, *see id.*, he fails to prove that defendant's

---

[3] Mr. Kruger alleges that defendant's counsel did not make the good faith effort to resolve the instant discovery dispute before seeking the Court's intervention that is required under the Local Rules. *See* Pl.'s Opp., ECF No. 24 at 4; LCvR 7(m) ("Before filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement."). But that argument is unavailing given the substantial back-and-forth between counsel oriented toward resolving this discovery dispute without motions practice that occurred between July 20 and the August 12 filing of the instant motion. *See* Def.'s Mem. Supp., ECF No. 23-1 at 2-5.

motion was "unnecessary." And the substantial back-and-forth that took place between counsel oriented toward resolving the instant discovery dispute without the filing of a motion to compel undermines the contention that defendant's counsel did not make a good faith effort to resolve the dispute without the Court's intervention. *See* Def.'s Mem. Supp., ECF No. 23-1 at 2-5. Accordingly, Mr. Kruger and his counsel are not entitled to expenses and fees.

Defendant seeks reasonable expenses and attorney's fees pursuant to Federal Rule 37(d). *Id.* at 6-7; Def.'s Reply, ECF No. 26 at 11. That Rule says that a court "must" require a party, a party's attorney, or both "to pay the reasonable expenses, including attorney's fees" caused by a failure to serve answers, objections, or written responses to interrogatories or document requests, "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(1)(A)(ii), (d)(3). On August 22, Mr. Kruger's counsel served answers and written responses to defendant's interrogatories and document requests. *See* Pl.'s Responses to Def.'s Requests for Production of Docs., ECF No. 26-2 at 16; Pl.'s Answers to Def.'s First Set of Interrogs., ECF No. 26-3 at 17. Thus, there was not a complete "failure" to serve the answers and written responses, even if they were untimely served. Although the Court acknowledges that

there is some authority for the proposition that mere untimely responses—as opposed to a complete failure to serve responses—can constitute a "failure" to serve the responses for Rule 37(d) purposes, *see, e.g.*, *Antico v. Honda of Camden*, 85 F.R.D. 34, 36 (E.D. Pa. 1979), the Court declines to follow that authority. Instead, given that a portion of defendant's now-narrowed motion to compel has been denied, *see supra* Part II.A, the Court is of the opinion that Rule 37(a)(5)(C) provides the proper framework for assessing the allocation of expenses arising from this dispute. That Rule says that if a motion to compel is granted in part and denied in part, the court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). The Court therefore orders defendant to file a pleading by no later than **November 7, 2016** to explain the expenses incurred in the preparation of the instant motion and how those expenses, in its view, should be apportioned between the parties. Mr. Kruger shall file his response by no later than **November 21, 2016**.

## III. Conclusion

For the reasons stated above, the Court **GRANTS IN PART** and **DENIES IN PART** defendant's motion to compel. An appropriate Order accompanies this Memorandum Opinion.

**SO ORDERED.**

**Signed:   Emmet G. Sullivan**

```
United States District Judge
October 24, 2016
```